UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

LIONEL PATTERSON                          CIVIL ACTION NO. 6:17-CV-1383

VS.                                       SECTION P

                                          DISTRICT JUDGE

UHC HOSPITAL OF LAFAYETTE, ET AL  MAGISTRATE JUDGE HANNA

REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis*

on March 29, 2017, by *pro se* plaintiff Lionel Patterson.  Plaintiff is currently incarcerated

at the Elayn Hunt Correctional Center in St. Gabriel, Louisiana.  He names numerous

individuals and facilities as defendants.  This matter has been referred to the undersigned for

review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and

the standing orders of the court.  For the following reasons it is recommended that the

complaint be **DISMISSED WITH PREJUDICE.**

*Statement of the Case*

Plaintiff's complaint was filed on October 25, 2017. [Rec. Doc. 1]     He

contemporaneously filed a Motion for Preliminary Injunction [Rec. Doc. 3] and a Motion to

Appoint Counsel [Rec. Doc. 4].  His complaint centers around his belief that in March 2016,

during an "illegal surgery" at UHC Hospital of Lafayette, a monitoring device was installed

in his chin. [Rec. Doc. 1, p. 7] The chip works through his central nervous system so that his

frequency can be picked up via Bluetooth.  *Id.* He was made aware of the implantation of the

device during an April 2017 visit with a family member.  *Id.* at pp. 7-8.

### *Law and Analysis*

#### *1. Initial Review*

When a prisoner sues an officer or employee of a governmental entity pursuant to

42 U.S.C. §1983,  the court is obliged to evaluate the complaint and dismiss it without

service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be

granted, or seeks monetary relief from a defendant who is immune from such relief. 28

U.S.C.1915A;  28 U.S.C.1915(e)(2).  *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*,

2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728,

1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which

relief can be granted if  it appears that no relief could be granted under any set of facts that

could be proven consistent with the allegations of the complaint. Of course, in making this

determination, the court must assume that all of the plaintiff's factual allegations are true.

*Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*,

926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights

complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788

F.2d 1116, 1120 (5th Cir.1986).  District courts must construe *in forma pauperis* complaints

liberally, but, they are given broad discretion in determining when such complaints are

frivolous.  *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Generally, a district court should not dismiss a pro se complaint for failure to state a claim without giving plaintiff opportunity to amend.  *Wright v. Williams*, 2014 U.S. Dist. LEXIS 187570, *6 (W.D. Tex. Sept. 11, 2014) (*citing Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).  However, it is unnecessary to grant an opportunity to amend if the facts alleged are fantastic or delusional scenarios. *Id. (citing Gregory v. McKennon*, 430 Fed.Appx. 306, 308 (5th Cir. 2011); *Eason v. Thaler*, 14 F.3d 8, 9 n. 5 (5th Cir. 1994).

The United States Supreme Court has explained that contentions are "clearly baseless" if they are "fanciful, fantastic, and delusional.  As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (internal quotation marks and citations omitted).

Plaintiff's contentions in this lawsuit clearly meet that definition.  Courts routinely

consider such contentions so delusional as to warrant dismissal as frivolous. *See, e.g.,*

*Dodson v. Haley*, No. 16-6196, 2017 WL 3224485 (6th Cir. May 17, 2017) (dismissing as

frivolous plaintiff's allegations that the defendants "installed 'eye cameras' and

'thought-processing devices'" in plaintiff's body to read his mail and monitor his food in

order to tamper with it); *Manco v. Does*, 363 Fed. App'x 572, 575 (10th Cir. 2010)

(dismissing as frivolous plaintiff's allegations that "prison officials implanted a radio

frequency device in his body to track his movements and thoughts"); *Johnson v. Drug*

*Enforcement Agency*, 137 Fed. App'x 680 (5th Cir. 2005) (dismissing as frivolous plaintiff's

allegations that the DEA implanted a transmitter in his scalp); *see also Hale v. Federal*

*Communications Commission*, No. 15-CV-218, 2017 WL 2702251, at *3 (N.D. Okla. June

22, 2017); *Simmons v. Beard*, No. 3:13- 0254, 2013 WL 2147811 (M.D. Pa. May 16, 2013);

*Thibeaux v. Cain*, Civ. Action No. 11-cv- 03348, 2012 WL 12949332 (D. Colo. Jan. 13,

2012), aff'd, 448 Fed. App'x 863 (10th Cir. 2012); *Scott v. United States*, No. 4:10CV248,

2010 WL 681306 (E.D. Mo. Feb. 22, 2010)*; McDowell v. Wilkinson County Correctional*

*Facility*, Civ. Action No. 5:08cv279, 2008 WL 5169632, at *1 and *8 (S.D. Miss. Dec. 3,

2008).[1]

### *Conclusion*

Plaintiff's claims are either fanciful, frivolous, or fail to state a claim for which relief

---

[1]The Court notes that plaintiff has filed suit in the Eastern District of Louisiana,  making
allegations similar to those herein.  Magistrate Judge Knowles recommended dismissal of same
on September 19, 2017.  See *Patterson v. Cooley, et al*, 17-7564 (E.D. La., August 4, 2017), Rec.
Doc. 10.

may be granted.  Therefore,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED**

**WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be

granted in accordance with the provisions of 28 U.S.C. §1915.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties

aggrieved by this recommendation have fourteen (14) business days from service of this

report and recommendation to file specific, written objections with the Clerk of Court.  A

party may respond to another party's objections within fourteen (14) days after being served

with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the**

**proposed legal conclusions reflected in this Report and Recommendation within ten**

**(10) days following the date of its service, or within the time frame authorized by**

**Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual**

**findings or the legal conclusions accepted by the District Court, except upon grounds**

**of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415**

**(5th Cir.  1996).**

In Chambers at Lafayette, Louisiana, October 31, 2017.

_____

**PATRICK J. HANNA**
**UNITED STATES MAGISTRATE JUDGE**